UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DETRICK CLARK, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                             Case No: 8:24-cv-00458-KKM-UAM

NAVVIS & COMPANY, LLC,

    Defendant.
_____

## ORDER

Defendant Navvis & Company, LLC, moves to transfer this case to the Eastern District of Missouri under 28 U.S.C. 1404(a). Mot. to Transfer (Doc. 14). Plaintiff Detrick Clark does not oppose. *See id.* at 19.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In essence, a district court may

transfer an action to another district if certain criteria are satisfied.

First, the transferee venue must be a "district or division where [the case] might have been brought," meaning the transferee forum must have personal and subject matter jurisdiction and offer a proper venue. 28 U.S.C. § 1404(a); *see Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960) (determining that transfer under § 1404(a) is only appropriate to a jurisdiction where it could be transferred without requiring defendant's consent to personal jurisdiction or venue).

Second, the Eleventh Circuit requires a district court to determine whether transfer is appropriate by weighing, at least, the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

For substantially the same reasons articulated in the motion, I conclude that the case could have been brought in the Eastern District of Missouri, where Navvis maintains its principal place of business and many of the events related to the underlying data breach occurred. Weighing the totality of the § 1404 factors, I conclude that a transfer to the

Eastern District of Missouri is in the interests of justice. Accordingly, the following is

**ORDERED:**

1. Navvis's Motion to Transfer Venue to the Eastern District of Missouri (Doc. 14) is **GRANTED**.

2. The Clerk is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Missouri for all further proceedings. Following transfer, the Clerk is directed to terminate any pending motions and deadlines and **CLOSE** the case.

**ORDERED** in Tampa, Florida, on April 5, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge